

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2007

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1953

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Liu v. Atty Gen USA" (2007). *2007 Decisions.* Paper 965.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/965

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1953

YOUGZHAO LIU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of Final Decision of the Board of Immigration Appeals
BIA No. A95-872-608
Immigration Judge: Hon. Charles M. Honeyman

Submitted under Third Circuit LAR 34.1(a)
June 7, 2007

BEFORE: SMITH and GREENBERG, *Circuit Judges*, and
POLLAK,[*] *District Judge*

(Filed: June 11, 2007)

OPINION OF THE COURT

SMITH, Circuit Judge.

_____

[*]Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

Petitioner Yougzhao Liu, a citizen of the People's Republic of China, seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision that Petitioner was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[*] For the following reasons, the Petition will be denied.

Liu entered the United States in April 2002 without possessing or presenting any valid entry document. In December 2002, Liu applied for political asylum, withholding of removal, and withholding under the CAT. In January 2003, an Asylum Officer interviewed Liu, who claimed that he feared persecution because of the enforcement of China's one-child family planning policy. Liu alleged that his wife underwent multiple forced abortions, and that both he and his wife faced the possibility of sterilization upon his return to China. The Asylum Office referred the case to an IJ in New York. Also in January 2003, the Government initiated removal proceedings against Liu through a Notice to Appear, which was served on Liu at the end of the month. Liu appeared before the IJ in February 2003, where he conceded removabilty. The IJ in New York granted Liu's motion to change venue, transferring the removal proceeding to Philadelphia. On

---

[*] The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2(b). The BIA exercised jurisdiction under 8 C.F.R. § 1003.1(b). It appears that Liu appealed to the BIA only the denial of his asylum application, and that his brief on this appeal is limited to that issue. Our review, then, is limited to that issue only. *See In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003); 8 U.S.C. § 1252(d). We do note that, because Liu does not satisfy the standards for asylum eligibility, he cannot satisfy the more stringent standard for withholding of removal. *Janusiak v. INS*, 947 F.2d 46, 47-48 (3d Cir. 1991).

September 23, 2004, Liu's hearing on his application was held in Philadelphia before a new IJ. The IJ admitted several pieces of evidence, including the Notice of Removal, Liu's application, several documents Liu submitted, the Department of Homeland Security's Consular Investigation Report, and a State Department report. The IJ issued his oral decision on September 23, 2004, denying Liu's application for asylum, withholding of removal, and relief under the CAT. The IJ ordered Liu's removal to China. The IJ concluded that Liu had failed to meet his burdens of proof and persuasion of establishing asylum, withholding of removal, or past or future persecution in China. On February 22, 2006, the BIA summarily affirmed the IJ's decision, and ordered Liu removed.

This Court has jurisdiction to review the BIA's final removal order pursuant to 8 U.S.C. § 1252(a) and (d). This Court reviews final decisions of the BIA that are based on factual findings to determine whether they are supported by substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Lusingo v. Gonzales*, 420 F.3d 193, 199 (3d Cir. 2005). Because the BIA summarily affirmed the IJ's decision, we review the IJ's findings of fact as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *Wang v. Gonzales*, 405 F.3d 134, 138 (3d Cir. 2005).

The IJ's September 23, 2004 oral opinion sets forth the reasons why Liu's petition must be denied. Liu stated that he has a wife and one child, both of whom are still in China. Liu said that his wife was forced to have an intrauterine device ("IUD") implanted

3

after the birth of their child, but eventually became pregnant again. Liu asserted that his wife was forced to undergo an abortion and had another IUD implanted. Liu's family paid a private doctor to have this IUD removed, and his wife became pregnant again. After this second allegedly coerced abortion, Liu stated that officials told both of them that they faced sterilization if she became pregnant again. He alleged that his family was fined by the local village committee for violating China's family planning policy. Liu testified that the first abortion certificate from the hospital is missing, but he did produce a certificate for the second abortion. However, the Consular Report, prepared specifically for Liu's case, investigated the validity of this certificate by contacting the hospital that allegedly produced it. The Lianjiang County Hospital stated that the certification seal on Liu's document did not match the shape of the seal actually used by the hospital.

The DHS Consular Report also noted that only county-level officials in Fujian Province had the authority to fine policy violators, while Liu's fine receipts stated that these fines were issued by the local village committee. The IJ stated that "[i]f the fine receipts are not genuine, then it undermines the credibility of the claim overall." The IJ noted that "[t]here is evidence from the Government in this case as to defined law of China, but there is no rebuttal evidence leading to a contrary conclusion in this Court's view that would be sufficient to rebut the adverse inferences triggered by the overseas report [regarding the fines]."

Liu has not presented any evidence or argument that would compel us to reasonably conclude that the IJ's factual determinations were incorrect. The Consular Report analyzed family planning regulations in Fujian province and concluded that village committees have no authority to issue fines that would have led to the production of the fine receipts Liu entered in the record. The IJ went so far as to state that "[i]f there were objective evidence presented that village committees could indeed, and indeed do issue a fine either on their own or in cooperation with high Government officials, or in violation of formal Government policies, but, nevertheless, decisions have been made at the local level, then it is very possible that this decision and the doubts that the Court has about the respondent's testimony, and ability to meet his burden of proof overall could possibly have even been resolved in his favor." The absence of such evidence, the contrary evidence in the Consular Report, and the questionable abortion certificate prevent this Court from concluding that the IJ erred in its factual determinations. We will therefore deny, based on the record before us, 8 U.S.C. § 1252(b)(4)(A), Liu's petition for review.