

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4798

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4798
_____

YOUNGZHAO LIU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-872-608)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

Opinion filed: October 10, 2008
_____

OPINION
_____

PER CURIAM

Yongzhao Liu ("Liu") petitions for review of the denial of his motion to reopen

removal proceedings.  For the following reasons, we will deny, in part, and grant, in part,

the petition for review.

Liu is a forty-four-year-old native and citizen of China who arrived in the United States in 2002. Shortly thereafter, he filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. He alleged in the application that his wife underwent two forced abortions and that he left China because he feared that he would be sterilized for violating the country's one-child policy. The Immigration Judge ("IJ") denied the application on September 23, 2004, concluding that Liu had not met his burden of proving eligibility for the requested relief. The IJ supported his decision by citing to a consular investigation report, prepared specifically for Liu's case, which questioned the authenticity of several documents that Liu submitted in support of his application. The Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision on February 22, 2006, and this Court upheld the agency's decision in Liu v. Att'y Gen., 236 Fed. App'x 744 (3d Cir. June 11, 2007).

On August 27, 2007, Liu submitted to the BIA a pro se motion to reopen removal proceedings, claiming ineffective assistance of counsel and changed circumstances. In regards to the ineffectiveness claim, Liu alleged that he was not notified of the existence of the consular report until the date of his removal hearing and, due to attorney neglect, was deprived of an opportunity to review the report and obtain evidence rebutting its findings. Liu claimed that he did not learn of the significance of the report until he read our opinion denying his petition for review in June 2007. To support the ineffectiveness

claim, he submitted a letter from his wife, who is currently living in China. In the letter, which is dated July 31, 2007, she expressed her disagreement with the findings stated in the consular report. (A.R. at 52-53.)

Liu also claimed in the motion to reopen that there had been a change in circumstances materially affecting his eligibility for asylum. In particular, he alleged that local officials confronted his wife and destroyed her business on April 23, 2007, after someone in the community reported to authorities that Liu had made anti-government remarks during telephone conversations with his wife. He also alleged that these officials made threats against him and his wife. He supported the changed circumstances claim with a "letter of request" that he had written, and another letter from his wife, dated July 9, 2007. (A.R. at 57-58, 76-77.)

On December 7, 2007, the BIA issued an order denying the motion to reopen. The BIA determined that the motion was untimely because it was filed more than ninety days after entry of the final order of removal, and there was no basis for equitable tolling of the deadline. Furthermore, the BIA noted that the ineffectiveness claim was not presented in compliance with the requirements stated in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), and that Liu had not shown prejudice as a result of the alleged ineffective assistance. In addressing the changed circumstances claim, the BIA found "no basis to grant his untimely motion to reopen his proceedings to consider his new claim first raised at this time of additional persecution of his wife in China." (A.R. at 5.) Liu, proceeding

3

pro se, petitions for review of the BIA's decision.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a). See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Our review is limited to the BIA's order denying the motion to reopen. See Stone v. INS, 514 U.S. 386, 405-06 (1995); Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986). We review the denial of a motion to reopen for abuse of discretion and will not disturb the BIA's decision unless it was "arbitrary, irrational, or contrary to law." Borges, 402 F.3d at 404 (citation omitted).

The BIA correctly determined that the ineffectiveness claim was untimely, since Liu filed his motion to reopen more than ninety days after the order of removal became final on February 22, 2006. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C. § 1101(a)(47)(B) (stating that order becomes final upon affirmance by BIA or expiration of time to seek review by BIA). Furthermore, the BIA did not abuse its discretion in concluding that Liu did not establish his entitlement to equitable tolling of the ninety-day deadline. See Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2004) (stating that equitable tolling is only available where petitioner has acted with diligence in pursuing his claims). Liu attempted to justify the late filing by explaining that he did not learn of the significance of the consular report until we denied his petition for review in June 2007. However, the report's significance should have been apparent to him in September 2004, when the IJ cited to that document in his oral decision. Even if the

4

ineffectiveness claim were timely raised, the BIA properly rejected it on the grounds that Liu did not make an effort to comply with any of the procedural requirements stated in Lozada. See Lu v. Ashcroft, 259 F.3d 127, 132-34 (3d Cir. 2001) (stating that application of Lozada's three-prong test is generally a reasonable exercise of the BIA's discretion).[1]

As for the claim based on changed circumstances in China, the BIA appears to have denied that claim as untimely without considering the applicability of 8 C.F.R. § 1003.2(c)(3)(ii), which provides that an alien may file a motion to reopen at any time if it raises an asylum claim "based on changed circumstances arising in the country of [removal]. . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."[2] Liu supported his changed circumstances claim with previously unavailable evidence concerning recent events in China. Specifically, he submitted documents indicating that local officials destroyed his wife's business on April 23, 2007, and that the attack was prompted, at least in part, by actions taken by Liu in the United States. Moreover, Liu alleged that he feared future

---

[1] Under Lozada, an alien must (1) support his ineffectiveness claim with an affidavit attesting to the relevant facts; (2) inform counsel of the allegations and provide him with an opportunity to respond; and (3) file a complaint with the appropriate disciplinary authorities or explain why he did not file such a complaint. Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005) (citing Lozada, 19 I&N Dec. at 639).

[2] Even though Liu did not explicitly argue in his pro se motion to reopen that the changed circumstances claim was cognizable under § 1003.2(c)(3)(ii), we believe the issue was adequately raised below, as the filings of a pro se alien are to be construed liberally for exhaustion purposes. See Vizcarra-Ayala v. Mukasey, 514 F.3d 870, 873 (9th Cir. 2008).

persecution as a result of this confrontation. Because there is no indication from the order denying the motion to reopen that the BIA considered whether Liu had satisfied the conditions for reopening under § 1003.2(c)(3)(ii), we will remand to the BIA to make that determination in the first instance. See INS v. Ventura, 537 U.S. 12, 16-17 (2002) (per curiam).

### III.

For the foregoing reasons, we will deny, in part, and grant, in part, the petition for review, and will remand the matter to the BIA for further consideration.