**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3705
_____

YONGZHAO LIU,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95 872 608)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 13, 2011)
_____

OPINION
_____

PER CURIAM

Yongzhao Liu seeks review of an order of the Board of Immigration Appeals

("BIA") denying his motion to reopen his removal proceedings.[1]  For the reasons that follow, we will deny the petition for review.

Liu is citizen of China who arrived in the United States in 2002.  Shortly thereafter, he filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").  He alleged that his wife underwent two forced abortions and that he left China because he feared that he would be sterilized for violating the country's one-child policy.  In 2004, an Immigration Judge ("IJ") denied the application, concluding that Liu had not met his burden of proof.  The BIA affirmed without opinion, and we denied Liu's petition for review.  Liu v. Att'y Gen., C.A. No. 06-1958, 236 F. App'x 744 (3d Cir. June 11, 2007).

In August 2007, Liu filed a motion to reopen, claiming that his attorney provided ineffective assistance of counsel and asserting that country conditions in China had changed.  The BIA denied the motion, concluding that it was untimely and that Liu had not satisfied the requirements stated in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), for presenting an ineffective assistance of counsel claim.  Liu filed a petition for review, which we denied in part and granted in part.  Liu v. Att'y Gen., C.A. No. 07-4798, 296 F. Appx. 253 (3d Cir. Oct. 10, 2008).  In particular, we held that the motion to reopen was untimely, that Liu was not entitled to equitable tolling, and that he did not make any effort to comply with any of the procedural requirements stated in Lozada.  But

---

[1] Throughout the immigration proceedings, the petitioner's name has also appeared as "Yong Zhao," "Youngzhao," and "Yougzhao."

because there was no indication that the BIA had considered whether Liu satisfied the conditions for reopening based on changed country conditions, we remanded the matter to the BIA. Liu, 296 F. Appx. 253, at 256. On remand, the Board held that Liu's evidence was insufficient to establish a change in country conditions so as to create an exception to the time limitation for filing a motion to reopen. Liu did not file a petition for review of the Board's decision.

Liu filed a second motion to reopen in January 2010, seeking to submit a "successive asylum application . . . because of changed country conditions and changed personal circumstances." This time Liu alleged that he feared persecution based on his participation in pro-democracy political groups in the United States, such as the China Democracy Party ("CDP") and the Federation for a Democratic Party ("FDC"). He also claimed that Chinese authorities visited his wife and warned her that Liu had to stop his political activities. Liu further asserted that "[c]onditions in China have changed greatly regarding the ability to propagate any ideas dissenting from the official one-party line on the Internet or traditional media since [he] was denied asylum." To support the allegedly changed country conditions, Liu submitted State Department reports, news articles describing CDP members who had been arrested upon their return to China, and an affidavit from a friend in China surmising that Liu will be persecuted if he returns because of the government's increased suppression of political dissent.

On August 18, 2010, the BIA denied the motion to reopen, holding that it was time- and number-barred and that Liu did not qualify for the exception from those

requirements based on changed circumstances arising in China. 8 C.F.R. § 1003.2(c)(3)(ii). The Board concluded that Liu's involvement in pro-democracy organizations constituted a change in personal circumstances and not changed country conditions, that he failed to establish that the Chinese government was aware of his political activities in the United States, and that he had not demonstrated a relevant change in country conditions based on China's treatment of returnees who participated in pro-democracy activities. Liu filed a timely petition for review of the BIA's decision.

We have jurisdiction pursuant to Immigration and Nationality Act ("INA") § 242 [8 U.S.C. § 1252]. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements do not apply to motions that rely on evidence of "changed country conditions," INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)], or "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The term "previous hearing" in § 1003.2(c)(3)(ii) refers to the proceedings before the IJ. Filja, 447 F.3d at 252.

Liu does not dispute that the BIA correctly determined that the motion to reopen

was untimely and number-barred. 8 C.F.R. § 1003.2(c)(2). In addition, the BIA correctly held that Liu's alleged membership in pro-democracy political groups in the United States is a change in his personal circumstance, not a change in country conditions that would support reopening. See Liu v. Att'y Gen., 555 F.3d 145, 150-51 (3d Cir. 2009); see also Liu v. Holder, 560 F.3d 485, 492 (6th Cir. 2009) (holding that "membership and participation in the CDP and its activities in the United States . . . demonstrated a change in [Petitioner's] personal circumstances but did not demonstrate changed country conditions in China."). Liu maintains, however, that the BIA "abused its discretion because it did not explicitly consider all of the evidence of changed country conditions." We disagree.

The BIA is required to "actually consider the evidence and argument that a party presents." Zheng v. Att'y Gen., 549 F.3d 260, 266 (3d Cir. 2008) (quoting Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir.2001)). Indeed, "the BIA abuses its discretion if it fails completely to address evidence of changed country circumstances offered by a petitioner." Id. at 268 (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). Here, the Board specifically identified the evidence that Liu submitted in support of his claim, including evidence of changed country conditions that "materially bears on his claim." Poradisova v. Gonzales, 420 F.3d 70, 81 (2d Cir. 2005). In particular, the BIA noted Liu's submission of "various county reports that address the government's crackdown on political opponents in China," the statement from Liu's friend describing "more and more severe" government suppression, and other "evidence of county conditions in China,"

5

which included news articles about the arrests of two CDP members. After considering this evidence, the Board held that Liu had not demonstrated a relevant change in country conditions in China. Under the circumstances, we conclude that the BIA adequately considered the materials submitted by Liu in support of his claim of changed circumstances.

We also agree that Liu's evidence did not establish changed country conditions in China sufficient to warrant reopening. Liu's changed country conditions argument relied primarily on excerpts from State Department Country Reports, which described harassment, detention, and imprisonment of those perceived to be a threat to the Chinese government. Those Reports, however, do not demonstrate a material change in the treatment of members of pro-democracy political groups since the 2004 proceedings before the IJ. For instance, the 2007 Report states that individuals "who participate in high-profile pro-democracy activities in the United States *still* run the risk of arrest and imprisonment should they return to China." (emphasis added). Notably, the 2004 State Department Profile of Asylum Claims, which was submitted in connection with Liu's initial asylum proceedings, indicates that political dissenters generally, and CDP members specifically, faced repression by the Chinese government. Although Liu quotes portions of the more recent State Department reports that refer to "increased" harassment, detention, and censorship, those alleged changes pertain generally to the treatment of the press and those perceived as threats to government authority, not to members of pro-democracy groups specifically.

6

Liu also relied on affidavits from his nephew and a friend which suggested that Liu would face persecution in China based on his political activism. Liu's nephew claimed that Chinese authorities "asked [Liu's wife] to inform [him] to quit the FDC . . . immediately" and "threatened . . . that if [Liu] returned, he must report to the . . . [p]olice [s]tation . . . and accept investigation and punishment." Liu's friend claimed that because "in recent years the Chinese government's suppression on democratic movements became more and more severe," Liu "will definitely be persecuted" if he returns to China. These affidavits provide, at most, anecdotal evidence of China's long-standing policy of prohibiting political dissent. Accordingly, we agree that the affidavits do not sufficiently demonstrate a change in country conditions.[2]

In sum, because the BIA properly concluded that Liu did not satisfy the exception to the time limitation for filing a motion to reopen based changed country conditions, we will deny the petition for review.

---

[2] Because Liu failed to establish that reopening was warranted, we reject any assertion that he is entitled to file a successive asylum application pursuant to INA § 208(a)(2)(D) [8 U.S.C. § 1158(a)(2)(D)] or to pursue relief under the CAT. Liu, 555 F.3d at 150 (explaining that "8 U.S.C. § 1158(a)(2)(D) allows successive asylum applications only within the 90-day reopening period for orders denying asylum unless the alien can show changed country conditions on the required accompanying motion to reopen.").